# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME REYES,<br><br>                    Plaintiff,<br><br>v.<br><br>SNOOZETOWN, LLC doing business as SNOOZE AN A.M. EATERY also known as SNOOZE DEL MAR; DEL MAR HIGHLANDS TOWN CENTER ASSOCIATES II, LLC; and DOES 1-10, Inclusive,<br><br>                    Defendants. | Case No.: 3:18-cv-00498-H-JLB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS STATE-LAW CLAIMS IN FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 14] |

On May 16, 2018, Plaintiff Jaime Reyes ("Plaintiff"), represented by counsel, filed a First Amended Complaint ("FAC") against Defendant Snoozetown, LLC doing business as Snooze an A.M. Eatery also known as Snooze Del Mar and Defendant Del Mar Highlands Town Center Associates II, LLC (collectively, "Defendants"), alleging violations of the Americans with Disabilities Act and California state law, specifically, negligence and negligence per se. (Doc. No. 11.) On May 29, 2018, Defendants filed a motion to dismiss the FAC, arguing that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. (Doc. No. 14 at 5-7.) On June 11, 2018, Plaintiff opposed the motion to dismiss. (Doc. No. 15.) On July 5, 2018, Defendants

replied. (Doc. No. 17.) For the reasons discussed below, the Court grants Defendants' motion to dismiss.

## **BACKGROUND**[1]

Plaintiff is mobility impaired and uses a wheelchair, which he requires to gain access to public establishments. (Doc. No. 11 ¶ 9.) On or about July 26, 2017, Plaintiff visited Snooze An A.M. Eatery ("Snooze"), a restaurant facility open to the public. (Id. ¶ 10.) Defendants are, and at all times were, the owner/operator, lessee or lessor of Snooze. (Id. ¶ 5.) Plaintiff alleges that he was denied full and equal access to Snooze because the property is inaccessible to individuals who use wheelchairs for mobility. (See id. ¶ 10.)

On March 7, 2018, Plaintiff filed suit against Defendants asserting causes of action for (1) violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*; (2) violation of the California Unruh Civil Rights Act (the "Unruh Act"), Cal. Civil Code §§ 51 and 54, *et seq.*; (3) negligence per se; and (4) negligence. Plaintiff sought injunctive relief compelling Defendants to comply with the ADA and the Unruh Act; declaratory relief; damages; and reasonable attorneys' fees and costs (Doc. No. 1.) Also on March 7, 2018, Plaintiff filed a motion for leave to proceed IFP, which the Court granted on March 12, 2018. (Doc. Nos. 2, 4.).

On May 3, 2018, Defendants filed a motion to dismiss Plaintiff's complaint. (Doc. No. 7.) Rather than oppose Defendants' motion, Plaintiff filed his First Amended Complaint on May 16, 2018. (Doc. No. 11.) See Fed. R. Civ. P. 15(a)(1)(B) (permitting plaintiffs to file an amended complaint as a matter of right within "21 days after the service of a motion under Rule 12(b)"). Because Plaintiff's FAC superseded his original complaint, the Court denied as moot Defendants' motion to dismiss the original complaint. (Doc. No. 13 (citing Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)).)

---

[1] The following factual allegations are drawn from the FAC and filings in this matter. Reviewing Defendants' motion to dismiss, the Court accepts as true all facts alleged in the FAC and construes them in the light most favorable to Plaintiff. See Snyder & Assocs. Acquisitions LLC v. United States, 859 F.3d 1152, 1156-57 (9th Cir. 2017).

1  Unlike the original complaint, the FAC does not allege a violation of the Unruh Act; rather,
2  it alleges a total of three claims, specifically for (1) violation of the ADA, (2) negligence
3  per se, and (3) negligence. (Doc. No. 11.) Plaintiff seeks injunctive relief compelling
4  Defendants to comply with the ADA; declaratory relief; and reasonable attorneys' fees and
5  costs. (Id.)

6  On May 29, 2018, Defendants filed a motion to dismiss the FAC, arguing that the
7  Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims
8  because they substantially predominate over his federal, ADA claim, and because Plaintiff
9  is a "high-frequency litigant" allegedly trying to avoid California's heightened pleading
10 requirements.[2] (Doc. No. 14 at 5-7.) On June 11, 2018, Plaintiff opposed the motion to
11 dismiss. (Doc. No. 15.) On July 5, 2018, Defendants replied. (Doc. No. 17.)

12 //
13 //
14 //
15 //
16 //
17 //
18 //

---

[2] California imposes heightened pleading requirements for disability-discrimination lawsuits brought by "high-frequency litigants," defined as, inter alia, "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." See Cal. Civ. Proc. Code §§ 425.50(a)(4)(A), 425.55(b)(1). "Construction-related accessibility claim," in turn, "means any civil claim in a civil action with respect to a place of public accommodation," including claims brought under the Unruh Act, the California Disabled Persons Act, and the federal ADA. See id. § 55.52(a)(1), (6). Plaintiff does not dispute that he has filed approximately one-hundred lawsuits in San Diego Superior Court between 2013 and 2018, and has filed approximately fourteen lawsuits in that court during the one-year time period immediately preceding the filing of the instant lawsuit. (Doc. Nos. 14-1 at 3, 14-2 ¶ 2; see Doc. No. 15 at 7.) The Court notes that Plaintiff currently has three other ADA lawsuits pending before the Southern District of California. See Reyes v. Le Parfait Group LLC, 18-CV-1290-BTM-NLS (filed on June 14, 2018); Reyes v. Webhurst LLC, 18-CV-569-BAS-JMA (filed on March 19, 2018); Reyes v. Marwaha, 18-CV-00477-L-BLM (filed on March 5, 2018).

# DISCUSSION

## I. Legal Standards for Federal Supplemental Jurisdiction

The federal supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Unless prohibited by § 1367(b), or unless one of the exceptions to supplemental jurisdiction under § 1367(c) applies, supplemental jurisdiction is mandatory. Schutza v. Cuddeback, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017). Under § 1367(c), a district court has discretion to decline supplemental jurisdiction over a state-law claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The Court's exercise of this discretion is informed by "values of economy, convenience, fairness, and comity." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

When a court declines supplemental jurisdiction over a state-law claim pursuant to one of §1367(c)'s first three provisions, the court does not have to state its reasons for dismissal of the claim. San Petro Hotel Co. v. City of Los Angeles, 159 F.3d 470, 478 (9th Cir. 1988). But if the court's decision to decline supplemental jurisdiction is based on the fourth provision—"exceptional circumstances"—then the court "must articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of [economy, convenience, fairness, and comity] provide compelling reasons for declining jurisdiction in such circumstances." Exec. Software N. Am., Inc. v. U.S. Dist. Court, 24

F.3d 1545, 1558 (9th Cir. 1994), overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp., 533 F.3d 1087 (9th Cir. 2008).

**II. Analysis**

Having carefully considered the parties' arguments and the record, the Court declines to exercise supplemental jurisdiction over Plaintiff's negligence claims because they substantially predominate over his ADA claim. See 28 U.S.C. § 1367(c)(2). Plaintiff's negligence claims are of a very different scope and nature than his ADA claim and also provide more expansive remedies than Plaintiff's ADA claim. Damages, for example, are unavailable under the ADA, see Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002), but are an element of any negligence claim, see In re Sony Gaming Networks, 903 F. Supp. 2d 942, 959-60 (S.D. Cal. 2012).[3] Accordingly, the Court exercises its sound discretion to decline supplemental jurisdiction over Plaintiff's state-law claims. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726-27 (1966) ("[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.").

//
//
//
//
//
//
//
//
//

---

[3] The Court notes that it is unclear how Plaintiff could prevail on his negligence claims given his statement that he "is not requesting damages for negligence or negligence per se." (Doc. No. 15 at 9.)

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's state-law claims for negligence and **DECLINES** to exercise supplemental jurisdiction over those claims. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's negligence claims. (Doc. No. 14.) Plaintiff's ADA claim may proceed before the Court at this time.

**IT IS SO ORDERED.**

DATED: July 16, 2018

*/s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT